UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

---

LORI MCLAUGHLIN,

    Plaintiff,

    v.                      Civil Action No. 11-1868 (RWR)

ERIC HOLDER, JR.,

    Defendant.

---

**MEMORANDUM ORDER**

Plaintiff Lori McLaughlin brought employment discrimination and retaliation claims against defendant Attorney General Eric Holder, Jr., in his official capacity, under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.*[1] A May 25, 2012 memorandum opinion and order found that venue in the District of Columbia is not proper under Title VII's special venue provision and granted the Attorney General's motion for transfer of venue to the Middle District of Florida. McLaughlin has moved for reconsideration, arguing that this case should be consolidated with a separate, purportedly related case filed four years ago in this district, and that the Attorney General's failure to explain why he did not object to venue in that case demonstrates that he is engaged in forum shopping. The judge to

---

[1] The background of this case is more fully set out in McLaughlin v. Holder, Civil Action No. 11-1868 (RWR), 2012 WL 1893627, at *1-2 (D.D.C. May 25, 2012).

whom the earlier purportedly related case was assigned denied McLaughlin's motion to consolidate the two cases, see <u>McLaughlin v. Holder</u>, Civil Action No. 08-1256 (RMC) (filed July 22, 2008), June 7, 2012 Order Denying Mot. to Consolidate, and McLaughlin's identical motion to consolidate was accordingly denied in this case. See Local Civil Rule 40.5(d). The issue of consolidation is now moot, and McLaughlin's remaining arguments for reconsideration do not warrant revisiting the May 25th order transferring this case.

Under Federal Rule of Civil Procedure 54(b), a court may reconsider an interlocutory order "as justice requires." <u>Capitol Sprinkler Inspection, Inc. v. Guest Services, Inc.</u>, 630 F.3d 217, 227 (D.C. Cir. 2011) (citing <u>Greene v. Union Mut. Life Ins. Co. of Am.</u>, 764 F.2d 19, 22-23 (1st Cir. 1985)). Justice may require reconsideration where the court "has patently misunderstood a party, has made a decision outside the adversarial issues presented to the court by the parties, has made an error not of reasoning, but of apprehension, or where a controlling or significant change in the law or facts has occurred since the submission of the issue to the court." <u>Ficken v. Golden</u>, 696 F. Supp. 2d 21, 35 (D.D.C. 2010) (internal citations, quotation marks, and alterations omitted). A court may properly exercise its discretion by denying a motion for reconsideration that "raise[s] . . . arguments for

reconsideration the court ha[s] . . . already rejected on the merits." Capitol Sprinkler Inspection, Inc., 630 F.3d at 227.

McLaughlin does not assert that the May 25th order reflects a patent misunderstanding of the issues or an error of apprehension, that the order decided an issue not presented by the parties, or that a fundamental change in the law or facts has occurred. McLaughlin identifies as "subsequent developments" the fact that the trial scheduled in the case purportedly related to the instant one was recently cancelled, providing "an opportunity for the instant action to catch up" with the other. (Pl.'s Mot. for Reconsideration at 1, 4.) Even though her request for consolidation of the two cases was denied, McLaughlin maintains that, given the procedural posture of the two cases, "Defendant's effort to transfer this case . . . undeniably constitutes an exercise in extreme judicial waste." (Pl.'s Reply at 2.) McLaughlin's contentions are unavailing, however, because the reasoning of the May 25th opinion did not turn on the procedural posture of the two cases, or on considerations of judicial economy. Developments that do not bear on the reasoning behind an order that a party asks a court to reconsider are not "significant change[s]," Ficken, 696 F. Supp. 2d at 35 (D.D.C. 2010), in the facts of a case. Moreover, McLaughlin cites no authority, let alone any legal authority arising "since the submission of the issue to the

court," id., supporting the position that considering the status of related cases or judicial economy is an appropriate exercise when determining whether a plaintiff has satisfied Title VII's special venue provision.[2]

In addition, McLaughlin asserts that the defendant is engaged in forum shopping and that this warrants reconsidering transfer. (See Pl.'s Reply at 1 ("Defendant does not explain why he has chosen two separate venues for cases involving the

---

[2] Rather than presenting any significant new authority or factual developments, McLaughlin contests the relevance of Hamilton v. Paulson, Civil Action No. 07-1365 (RBW), 2008 WL 4531781 (D.D.C. Oct. 10, 2008), a case that the defendant cited in support of his motion to dismiss and that the May 25th opinion relied upon in part to support a finding that the existence of a purportedly related case in this district was not relevant to the Title VII venue inquiry. (Pl.'s Mot. for Reconsideration at 3; Pl.'s Reply at 1-2.) A motion for reconsideration is not a vehicle for rearguing issues that already have been fully aired. Moreover, McLaughlin's renewed attempt to distinguish Hamilton is not persuasive. She suggests that Hamilton's rejection of the "contention that the Court should deny the defendant's [12(b)(3)] motion because [the plaintiff] has a related case pending in this Court," id. at *3, was in error because it relied upon a case addressing the exercise of pendant jurisdiction over state law claims rather than venue over purportedly related federal cases. The reasoning in Hamilton, however, relied on other authority that McLaughlin fails to address. See id. (citing Jyachosky v. Winter, Civil Action No. 04-01733 (HHK), Civil Action No. 04-01734 (HHK), Civil Action No. 05-00239 (HHK), Civil Action No. 05-00271 (HHK), Civil Action No. 05-02251 (HHK), 2006 WL 1805607, at *4 n.3 (D.D.C. June 29, 2006)). The reasoning also relied on the plain text of Title VII's special venue provision, which provides that "'[i]f the plaintiff brings suit in a jurisdiction that does not satisfy one of the venue requirements listed in [§ 2000e-5(f)(3)], venue is improper.'" Id. at *2 (quoting James v. Booz-Allen & Hamilton, Inc., 227 F. Supp. 2d 16, 20 (D.D.C. 2002)). Justice does not require reconsidering the May 25th opinion's reliance on this case.

same parties, the same attorneys, the same witnesses, and similar allegations."); id. at 3 ("Ms. McLaughlin asks this Court to reconsider its decision, which ultimately permits Defendant to engage in the most shameless form of forum shopping, with absolute impunity.")  These arguments were considered and found not to be dispositive in the first instance.  See McLaughlin v. Holder, Civil Action No. 11-1868 (RWR), 2012 WL 1893627, at *4 (D.D.C. May 25, 2012).  Federal Rule of Civil Procedure 12(h) provides that the defense of improper venue is waived if not asserted in an initial responsive pleading.  Fed. R. Civ. P. 12(h).  Defendant's failure to challenge venue in the purportedly related case does not render venue proper in the present case, regardless of the rationale behind defendant's different litigation strategies in the two cases.  Accordingly, it is hereby

ORDERED that the plaintiff's motion [13] for reconsideration with respect to the defendant's motion to dismiss, or in the alternative to transfer be, and hereby is, DENIED.

SIGNED this 3rd day of July, 2012.

_____/s/_____
RICHARD W. ROBERTS
United States District Judge