UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

LORI D. MCLAUGHLIN,

    Plaintiff,

v.                                    Case No:  6:12-cv-1168-Orl-28TBS

ATTORNEY GENERAL, DEPARTMENT
OF JUSTICE,

    Defendant.

## ORDER

Based upon the parties' Joint Motion for Entry of an Order Pursuant to the Privacy Act, 5 U.S.C. § 552a(b)(11), and good cause having been shown for the issuance of a protective order pursuant to Federal Rule of Civil Procedure 26(c), **IT IS HEREBY ORDERED** as follows:

    1.  This employment discrimination action is brought by Plaintiff pursuant to Title VII, 42 U.S.C. § 2000e-16. Plaintiff, who is employed as a Special Agent with the Defendant's Bureau of Alcohol, Tobacco, Firearms and Explosive's (ATF), alleges that she was subjected to discrimination based on race, sex, and in retaliation for prior protected activity.

    2.  According to the parties' joint motion, the Plaintiff has served discovery on the Defendant, seeking various categories of documents and information, which include documents, emails, and information relating to persons who were nominated for Special Agent of the Quarter Awards and the evaluations of various individuals in 2009.

3. The documents and information sought to be disclosed and used by the parties in response to the foregoing may contain information about current and former federal employees of ATF who are not parties to this action, and who are protected from disclosure by the Privacy Act, 5 U.S.C. § 552a. In part, the Privacy Act protects information maintained by a federal agency in a system of records where such information can be retrieved by a person's name or other identifying information. See 5 U.S.C. § 552a(a)(5).

4. The Privacy Act, 5 U.S.C. § 552a, protects information about current and former federal employees maintained in a system of records. The parties acknowledge in their joint motion that the documents and information responsive to the categories in paragraph 2 are covered by the Privacy Act, and they have moved for a Court order permitting the disclosure and use of the documents and information identified above.

5. Pursuant to 5 U.S.C. § 552a(b)(11), which authorizes the disclosure of information protected by the Privacy Act, "pursuant to the order of a court of competent jurisdiction," the Defendant is hereby authorized to release to the Plaintiff records and other responsive information relating to the documents described in paragraph 2 of this Order, subject to the following terms of a protective order:

    a.    Any documents or information released pursuant to this Order shall be marked "Privacy Act Protected" or otherwise marked to indicate that the document or information is subject to the terms of this Protective Order;

    b.    The parties shall not disclose documents or information about other current or former federal employees to any other person, except where such disclosure is reasonably necessary to the conduct of this litigation, which

includes use at trial or deposition and disclosure to office staff, paralegals, and experts;

    c.    If any of the records designated as Privacy Act protected are marked as exhibits for deposition or trial, or attached to any pleading filed with the Court, those documents will be sanitized by removing names, social security numbers, home addresses, and home telephone numbers.

6.    This Order is not intended to address any objections to discovery that might be made pursuant to the Federal Rules of Civil Procedure, and nothing in this Order constitutes any decision by the Court concerning discovery disputes or the admissibility or relevancy of any evidence.

**IT IS SO ORDERED.**

**DONE** and **ORDERED** in Orlando, Florida on February 7, 2013.

THOMAS B. SMITH
United States Magistrate Judge

Copies to:

    Counsel of Record
    Plaintiff, pro se